# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>STARION ENERGY INC., *et al.*,<br><br>    Debtors. | Chapter 11<br><br>Case No. 18-12608 (MFW)<br><br>(Jointly Administered)<br><br>**Re: D.I. 119** |

## ORDER AUTHORIZING RETENTION AND APPOINTMENT OF
## DONLIN RECANO & COMPANY, INC. AS CLAIMS AND NOTICING AGENT

Upon the application (the "**Application**")[2] of the Debtors for an order (the "**Retention Order**") authorizing the retention and appointment of Donlin Recano & Company, Inc. ("**Donlin**") as claims and noticing agent for the Consumer Customers, under Judicial Code section 156(c), section 105(a) of the Bankruptcy Code, and Local Rule 2002-1(f) to, among other things, (i) distribute required notices to parties-in-interest, (ii) receive, maintain, docket and otherwise administer the proofs of claim filed by Consumer Customers in these Chapter 11 Cases, and (iii) provide such other administrative services, as required by the Debtors, that would fall within the purview of services to be provided by the Clerk's Office; and upon the Voorhies Declaration submitted in Support of the Application; and the Debtors having estimated that there are approximately 50,000 Consumer Customers in these Chapter 11 Cases, many of whom are expected to file proofs of claim, and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in Title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Donlin has the

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

capability and experience to provide such services and that Donlin does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given; and no other or further notice being required; and it appearing that the employment of Donlin is in the best interests of the Debtors, their estates and creditors; and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. Notwithstanding the terms of the Engagement Letter attached to the Application, the Application is approved to the extent set forth in this Retention Order.

2. The Debtors are authorized to retain Donlin effective as of the Engagement Date of January 18, 2019, under the terms of the Donlin Agreement, and Donlin is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases, and all related tasks, all as described in the Application as the Donlin Services.

3. Donlin shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed by the Consumer Customers in these Chapter 11 Cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. Donlin is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

5. Donlin is authorized to take such other action to comply with all duties set forth in the Application.

6. The Debtors are authorized to compensate Donlin in accordance with the terms of the Donlin Agreement upon the receipt of reasonably detailed invoices setting forth the services

provided by Donlin and the rates charged for each, and to reimburse Donlin for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Donlin to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. Donlin shall be precluded, in the absence of an order of this Court, from suspending or terminating its services under the Donlin Agreement.

8. Donlin shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, counsel for any official committee, if any, monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices.

9. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Donlin Agreement or monthly invoices, and that the parties may seek resolution of the matter from the Court if resolution is not achieved.

10. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Donlin under this Retention Order shall be an administrative expense of the Debtors' estates.

11. The Debtor shall indemnify Donlin under the terms of the Donlin Agreement and this Retention Order.

12. Donlin shall not be entitled to indemnification, contribution or reimbursement pursuant to the Donlin Agreement for services other than the services provided under the Donlin Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

13. Notwithstanding anything to the contrary in this Order or the Donlin Agreement, the Debtors shall have no obligation to indemnify Donlin, or provide contribution or reimbursement to Donlin, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from Donlin's gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of Donlin's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to In re United Artists Theatre Co., et al., 315 F.3d 217 (3d Cir. 2003), or (c) settled prior to a judicial determination under (a) or (b), but determined by the Court, after notice and a hearing, to be a claim or expense for which Donlin should not receive indemnity, contribution or reimbursement under the terms of the Donlin Agreement as modified by this Retention Order.

14. If, before the earlier of (a) the entry of an order confirming a Chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing these Chapter 11 Cases, Donlin believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Donlin Agreement (as modified by this Retention Order), including without limitation the advancement of defense costs, Donlin must file an application therefore in the Court, and the Debtors may not pay any such amounts to Donlin before the entry of an order by the Court approving the payment.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Donlin for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Donlin.  All parties in

interest shall retain the right to object to any demand by Donlin for indemnification, contribution or reimbursement.

15. In the event Donlin is unable to provide the services set out in this Retention Order, Donlin will immediately notify the Clerk and Debtors' attorney and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' attorneys.

16. The Debtors will submit a separate retention application for Donlin pursuant to sections 327 and 328 of the Bankruptcy Code for services that Donlin intends to perform outside the ambit of those services described in the Application, and nothing in this Retention Order shall operate to limit the approval of such retention application under sections 327 and 328 of the Bankruptcy Code.

17. The Debtors and Donlin are authorized to take all actions necessary to effectuate the relief granted pursuant to this Retention Order in accordance with the Application.

18. Notwithstanding any term in the Donlin Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Retention Order.

19. Notwithstanding any term in the Donlin Agreement to the contrary, Donlin shall not cease providing claims processing services during these Chapter 11 Cases for any reason, including nonpayment, without an order of the Court.

20. In the event of any inconsistency between the Donlin Agreement, the Application and this Retention Order, this Retention Order shall govern.

**Dated: February 19th, 2019**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**