**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>STARION ENERGY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12608-MFW<br>(Jointly Administered) |
| STARION ENERGY, INC., *et al.*,<br><br>Plaintiffs<br><br>vs.<br><br>THE COMMONWEALTH OF MASSACHUSETTS, MASSACHUSETTS ELECTRIC COMPANY D/B/A/ NATIONAL GRID, and NSTAR ELECTRIC COMPANY D/B/A EVERSOURCE ENERGY<br><br>Defendants | Adversary Case No. 18-50932-MFW |

**MOTION OF STARION ENERGY, INC., ET AL. FOR AN ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 APPROVING STARION ENERGY, INC.'S SETTLEMENT WITH THE COMMONWEALTH OF MASSACHUSETTS**

Starion Energy Inc., et al. (the "Debtors") as debtors and debtors in possession, by and through undersigned counsel, hereby move this Court for entry of an Order Approving the

1 The Debtors and the last four digits of their respective tax identification numbers are: Starion Energy Inc. (0943); Starion Energy NY Inc. (4319); Starion Energy PA Inc. (1201). The Debtors' corporate headquarters is located at, and the mailing address for each Debtor is, 751 Straits Turnpike, Suite 2000, Middlebury CT 06762, Attn: Alexandrea Isaac, Esq.

Settlement with the Commonwealth of Massachusetts ("Commonwealth"). Pursuant to Fed. R. Bankr. P. 9019 (the "Motion"), and in support thereof, the Debtors state as follows:

**JURISDICTION**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. On November 14, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their property as debtors and debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no official committee of unsecured creditors has been appointed.

3. A full description of the Debtors' business operations, capital structure and reasons for commencing this case is set forth in the Declaration of Thomas Stiner in Support of Chapter 11 Petition and First-Day Pleadings incorporated herein by reference. Additional facts in support of the specific relief sought are set forth herein.

4. Prior to the Petition Date, the Commonwealth filed a complaint against the Debtors (among other parties) in the Commonwealth of Massachusetts Superior Court alleging certain consumer protection law violations (the "Massachusetts Lawsuit"). The Commonwealth asserted damages in excess of $30 million.

5. In connection with the Massachusetts Lawsuit, the Commonwealth obtained an order directing Massachusetts Electric Company, d/b/a National Grid ("National Grid") and NSTAR Electric Company, d/b/a Eversource ("Eversource") to withhold certain funds in connection with a "pre-judgment attachment." National Grid and Eversource, in compliance with the pre-judgment attachment, withheld $3,989,352 (the "Held Funds").

6. Contemporaneously with the Petition Date, on November 14, 2018, the Debtors filed the above-captioned adversary proceeding against the Defendants (the "Adversary Proceeding"). Aside from seeking to prevent the further depletion of assets, the Adversary Proceeding principally sought the return of the Held Funds. The Adversary Proceeding remains pending.

7. On January 9, 2019, the Debtors obtained an order setting proof of claim deadlines of February 28, 2019 for non-governmental claims and May 13, 2019 for governmental claims (the "Bar Date").

8. Prior to the Bar Date, on May 10, 2019, the Commonwealth filed its proof of claims asserting claims in the aggregate amount of $30,622,912.16 (the "Commonwealth Claims"). Certain portions of the Commonwealth Claims were asserted as secured and/or administrative and the remainder as unsecured.

9. On May 31, 2019, the Debtors filed their objection to the Commonwealth Claims (the "Claim Objection").

10. On June 28, 2019, the Commonwealth filed a motion for abstention, requesting that the Court abstain from adjudicating the merits of the Massachusetts lawsuit, as requested in the Claim Objection.

11. On December 6, 2019, this Court entered an order granting the Commonwealth's motion for abstention.

12. Thereafter, the Debtors and the Defendants commenced settlement discussions in order to resolve the myriad issues and claims among them, which discussions have resulted in a compromise and the terms and conditions of which are memorialized herein.

## SUMMARY OF SETTLEMENT TERMS

13. The following provisions summarize the most pertinent terms of the agreement[2]:

- **Payment.**
    - $10 million payment from Starion Energy, Inc. ("Starion") to the Commonwealth; $6 million to be paid by December 31, 2019, and the remainder to be paid over two years, but with the $2 million of remaining $4 million to be forgiven if Starion complies with the terms of the consent judgment to be entered in Massachusetts Superior Court. Exhibit A, § 3(A).
        - The first payment upon finalization will consist of $6 million to the Commonwealth. Id. at § 3(A)(2).
        - The second payment, at the end of 2020, will be $1 million to the Commonwealth and $1 million in "Forgive if Compliant" payments. Id. at § 3(A)(2).
        - The third payment, at the end of 2021, will consist of $1 million to the Commonwealth and $1 million in "Forgive if Compliant" payments. Id.

2 To the extent there is any inconsistency between the summary of settlement terms herein and the settlement language contained in the Memorandum of Understanding attached hereto as Exhibit A, the terms in the Memorandum of Understanding will control.

- **Scope.**
  - Settlement would include Starion Energy, Inc. and the two individual defendants, Ruzhdi Dauti and Dashmir Murtishi. Exhibit A, § 3(B)(1).
  - Settlement would include a release of Starion Energy, Inc., Ruzhdi Dauti, Dashmir Murtishi, and all other shareholders, principals, officers, directors, employees and subsidiaries of Starion Energy, Inc. Id. at § 3(B)(2).
  - Settlement would include a release of the Commonwealth of Massachusetts. Id. at § 3(B)(3).
  - Settlement applies to Starion Energy, Inc.'s Massachusetts' residential customers only. Id. at § 3(B)(4).
  - Settlement would fund restitution payments to be made to the Commonwealth in 2019 and to the Restitution Fund thereafter, and payments to the Commonwealth for civil penalties and fees, and payments to the Commonwealth to be used to fund or assist in funding programs or initiatives designed to assist Massachusetts consumers with paying or lowering their energy bills, or similar charitable endeavors. Id. at § 3(B)(5).
  - Settlement is contingent upon the following:
    - approval by the Delaware Bankruptcy Court of this Memorandum of Understanding ("MOU"); see id. at § 3(B)(6)(i).
    - dissolution of the attachment entered pursuant to orders issued by Suffolk Superior Court on October 24, 2018; November 5, 2018, November 13, 2018; and November 19, 2018 and upheld pursuant to the order of the U.S. Bankruptcy Court for the District of Delaware on November 20, 2018 in Bankr. Adv. No. 18-50932; Id. at § 3(B)(6)(ii).
    - a mutually-agreeable signed release of claims for Starion Energy, Inc., Ruzhdi Dauti, Dashmir Murtishi and the Commonwealth of Massachusetts; Id. at § 3(B)(6)(iii).
    - entry of a consent judgment in Suffolk Superior Court; Id. at § 3(B)(6)(iv) and
    - dismissal of the adversary complaint against the Commonwealth of Massachusetts in Delaware Bankruptcy Court. Id. at § 3(B)(6)(v).
  - Settlement is not contingent upon approval of a plan for reorganization in the bankruptcy proceeding. Id. at § 3(B)(7).

    The Parties will jointly move for dissolution of the attachment on the Held Funds forthwith for the purposes of funding the settlement. For purposes of the MOU, "Held Funds" will be assigned the definition provided in the November 20, 2018 Order of the Delaware Bankruptcy Court in Bankr. Adv. No. 18-50932. Id. at § 3(B)(8).

- o  The Parties intend to, and shall, prepare a Consent Judgment for submission to the Massachusetts Superior Court by January 31, 2020. Id. at § 3(B)(9).

- **Bankruptcy Proceeding.**

    - o  Approval of Agreement in this Court. The terms of this agreement are subject to approval of the U.S. Bankruptcy Court for the District of Delaware. Upon execution of this MOU, Debtors shall promptly request approval from the Bankruptcy Court on an expedited basis such that entry of the order approving this settlement will be entered prior to the conclusion of 2019. See Exhibit A, § 3(C)(1).

    - o  Treatment in Bankruptcy Plan. The parties agree that the Commonwealth of Massachusetts will support Starion's bankruptcy chapter 11 plan of reorganization provided that it treats the Commonwealth consistent with agreed terms as set forth herein. Id., § 3(C)(2).

    - o  Held Funds/Pending Clawback Litigation. Upon National Grid and Eversource's release of the Held Funds to Starion; Starion shall prepare, circulate, and file a stipulation of dismissal, with prejudice, of the adversary proceeding in this court as *Starion Energy Inc., et al., Plaintiffs* vs. *The Commonwealth of Massachusetts, Massachusetts Electric Company d/b/a National Grid, and NSTAR Electric Company d/b/a Eversource Energy, Defendants*, Bankr. Adv. No. 18-50932. See id., § 3(C)(3).

    - o  Starion would present the settlement to this Court as allowing the Commonwealth to receive the full amount, per the terms of the settlement, to be included in an approved bankruptcy plan. See id., § 3(C)(4).

    - o  Settlement does not waive Starion's obligations to the Massachusetts Department of Environmental Protection, as set forth in Claim No. 223, and the Massachusetts Department of Energy Resources, as set forth in Claim No. 229. Id., § 3(C)(5).

- **Injunctive Relief.**
  - Injunctive terms outlined in Section 3.D of the Memorandum of Understanding would be considered final injunctive relief for claims raised in the Complaint filed in the Massachusetts Lawsuit. Such terms would be enforced through a consent judgment filed with the Suffolk Superior Court. Exhibit A, § 3(D).

- **Restitution Program.**
  - Starion will fund the administrative costs of a restitution program for the first year. The remaining administrative costs will be paid pursuant to the terms of the Consent Judgment. Exhibit A, § 3(E).

- **Monitoring.**
  - Parties agree to establish an independent monitoring program. Starion will be responsible for the costs of engaging an independent monitoring company to run the program. Monitoring will cover a 36-month period.

## RELIEF REQUESTED

14. By this Motion, the Debtors seek approval of the settlement agreement with Defendants in the form of the Memorandum of Understanding as set forth in Exhibit A attached hereto.

15. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct. Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996). Courts generally defer to a debtor's business judgment when there is a legitimate business justification for the debtor's decision. Id. at 395.

16. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against

the value to the estate of the acceptance of the compromise proposal." Id. at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." Id. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the bankruptcy Court. In re Michael, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

17. Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge…is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983); In re Planned Protective Servs., Inc., 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); In re Blair, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. Nellis v. Shugrue, 165 B.R. 115, 123 (S.D.N.Y. 1994); In re Tech. for Energy Corp., 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

18. A review of these four factors demonstrates that the settlement with the Defendants should be approved. The Debtors have invested time and effort in analyzing the Commonwealth Claims and engaged in litigation in both the Bankruptcy Court and the Massachusetts Courts. Similarly, the Debtors and the Commonwealth are engaging in discovery as part of the Massachusetts Lawsuit and will soon become consumed in those efforts. Finally, the time anticipated for a final outcome for the Massachusetts Lawsuit and then any subsequent legal


challenges in the Bankruptcy Court will delay the administration of these estates for at least several years.

19. The Debtors respectfully submit that the compromise reached with the Defendants is fair, reasonable, and is in the best interest of the Debtors' estates and creditors and the efficient administration of these cases. The Debtors likewise believe that the settlement and compromise is founded on the exercise of sound business judgment by the Debtors.

20. In order to facilitate the settlement as memorialized by the parties in the form Memorandum of Understanding attached hereto as Exhibit A, the Debtors request that this Court enter an order authorizing National Grid and Eversource to comply with any order entered by the Massachusetts Superior Court concerning the release or distribution of the Held Funds. The parties anticipate that this release and distribution will occur shortly after this Court's approval of the settlement, and the parties have scheduled a hearing in the Massachusetts Superior Court on December 18, 2019, to consider an anticipated motion to dissolve the pre-judgment attachment of the Held Funds. The Debtors' proposed order thus includes language expressly authorizing and directing National Grid and Eversource to comply with any such order of the Massachusetts Superior Court.

21. The Commonwealth consented to the release the Held Funds based on the parties' agreement that the Held Funds will be forthwith provided to the Commonwealth in furtherance of the parties' settlement agreement as approved by this Court, unless payment of the 2019 owed monies has already been made by Starion to the Commonwealth before the release of the Held Funds.

## NOTICE

22. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002; (c) the Debtors' secured lenders and (d) the Debtors' top 20 unsecured creditors. Such notice is reasonable in light of the circumstances of these Chapter 11 cases and the nature of the relief sought herein.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that this Court enter the attached proposed form of order granting the Debtors' Motion approving the settlement with the Commonwealth and granting such other and further relief as the Court deems just and equitable.

Dated: December 12, 2019

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Ronald S. Gellert*

Ronald S. Gellert (DE 4259)
Michael Busenkell (DE 3933)
Sarah M. Ennis (DE 5745)
1201 N. Orange St., Ste. 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
Email: mbusenkell@gsbblaw.com
rgellert@gsbblaw.com
sennis@gsbblaw.com

*Counsel to the Debtors and Debtors-in-Possession*