# **<u>EXHIBIT A</u>**

PREPARED FOR SETTLEMENT PURPOSES

# MEMORANDUM OF UNDERSTANDING

This Memorandum of Understanding (the "MOU") is entered into on December 10, 2019 (the "Effective Date"), by and between the Commonwealth of Massachusetts (the "Commonwealth"), by and through Attorney General Maura Healey (the "AGO"), and Starion Energy, Inc. ("Starion"), Ruzhdi Dauti, and Dashmir Murtishi (collectively, the "Parties").

**WHEREAS**, the Parties desire to execute this MOU to memorialize an agreement in principle to settle the claims set forth in the civil action *The Commonwealth of Massachusetts v. Starion Energy, Inc., et. al.*, CA No. 2018-3199-H, currently pending in Suffolk Superior Court in Massachusetts, as well as an adversary proceeding captioned *Starion Energy, Inc. et. al. v. Commonwealth of Massachusetts*, *et al.*, Adversary Case No. 18-50932-MFW, currently pending in the United States Bankruptcy Court for the District of Delaware.

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, the Parties state as follows:

1. **Purpose and Scope.**

    A. The Parties intend this MOU to provide the foundation and structure for a binding agreement related to the settlement of the civil action *The Commonwealth of Massachusetts v. Starion Energy, Inc., et al.*, CA No. 2018-3199-H, currently pending in Suffolk Superior Court, as well as an adversary proceeding captioned *Starion Energy, Inc. et al. v. Commonwealth of Massachusetts*, *et al.*, Adversary Case No. 18-50932-MFW, currently pending in the United States Bankruptcy Court for the District of Delaware.

    B. This MOU seeks to memorialize the agreement in principle reached between the Parties.

2. **Term.** The term of this MOU shall be from the Effective Date until the parties have executed a full and final settlement.

3. **Agreement in Principle.** The Parties hereby state that they have reached the following agreement in principle:

    A. **Payment.**
    1. Overview. $10.0 million-dollar total settlement with all relevant documents signed in 2019; with opportunity for forgiveness at 2.0MM:

    | Year | 2019 | 2020 | 2021 | Total |
    |---|---|---|---|---|
    | Settlement Total | 6.00MM | 2.0MM | 2.0MM | 10.00MM |
    | Cash | 6.00MM | 1.0MM | 1.0MM | 8.00MM |
    | Forgive if Compliant* | | 1.0MM | 1.0MM | 2.00MM |

PREPARED FOR SETTLEMENT PURPOSES

2. Payment Details. First payment is made no later than December 31, 2019, all other payments are made at the end of the applicable calendar year.

The first payment will consist of $6 million in restitution.

The second payment, at the end of 2020, will be $1 million in "Forgive if Compliant" payments and $1 million that consists of:

- $250,000 in civil penalties and fees;
- $250,000 in restitution;
- $500,000 to the AGO, who shall distribute the money with the express condition that the money be used to fund or assist in funding programs or initiatives designed to assist Massachusetts consumers with paying or lowering their energy bills or similar charitable endeavors.

The third payment, at the end of 2021, will consist of $1 million in restitution and $1 million in "Forgive if Compliant" payments.

"Forgive if Compliant" amounts will be forgiven if independent monitor certifies that Starion is in substantial compliance with the Consent Judgment, including but not limited to its payment terms, entered in Suffolk Superior Court, G.L. c. 93A, and G.L. c. 159C during the applicable period. "Forgive if Compliant" amounts would be structured as suspended payments. Specifically, they are payments that would be made to the AGO at the end of the year, but Starion will not need to make them if the independent monitor certifies substantial compliance for the preceding monitoring period. If Starion must pay the "Forgive if Complaint" amounts, those amounts will be paid to the AGO to be used to fund or assist in funding programs or initiatives designed to assist Massachusetts consumers with paying or lowering their energy bills, or similar charitable endeavors, as outlined above.

**B. Scope.**
1. Settlement would include Starion Energy, Inc. and the two individual defendants, Ruzhdi Dauti and Dashmir Murtishi.
2. Settlement would include a release of Starion Energy, Inc., Ruzhdi Dauti, Dashmir Murtishi, and all other shareholders, principals, officers, directors, employees and subsidiaries of Starion Energy, Inc.
3. Settlement would include a release of the Commonwealth of Massachusetts.
4. Settlement applies to Starion Energy, Inc.'s Massachusetts' residential customers only.
5. Settlement would fund restitution payments to be made to the AGO in 2019 and to the Restitution Fund thereafter, and payments to the AGO for civil penalties and fees, and payments to the AGO to be used to fund or assist in funding programs or initiatives designed to assist Massachusetts consumers with paying or lowering their energy bills, or similar charitable endeavors.

6. Settlement is contingent upon the following:
    i. approval by the Delaware Bankruptcy Court of the MOU;
    ii. dissolution of the attachment entered pursuant to orders issued by Suffolk Superior Court on October 24, 2018; November 5, 2018, November 13, 2018; and November 19, 2018 and upheld pursuant to the order of the U.S. Bankruptcy Court for the District of Delaware on November 20, 2018 in Bankr. Adv. No. 18-50932;
    iii. a mutually-agreeable signed release of claims for Starion Energy, Inc., Ruzhdi Dauti, Dashmir Murtishi and the Commonwealth of Massachusetts;
    iv. entry of a consent judgment in Suffolk Superior Court; and
    v. dismissal of the adversary complaint against the Commonwealth of Massachusetts in Delaware Bankruptcy Court.
7. Settlement is not contingent upon approval of a plan for reorganization in the bankruptcy proceeding.
8. The Parties will jointly move for dissolution of the attachment on the Held Funds forthwith for the purposes of funding the settlement. For purposes of the MOU, "Held Funds" will be assigned the definition provided in the November 20, 2018 Order of the Delaware Bankruptcy Court in Bankr. Adv. No. 18-50932.
9. The Parties intend to, and shall, prepare a Consent Judgment for submission to the Massachusetts Superior Court by January 31, 2020.

**C. Bankruptcy Proceeding.**

1. Approval of Agreement in Bankruptcy Court. The terms of this agreement are subject to approval of the U.S. Bankruptcy Court for the District of Delaware. Upon execution of this MOU, Debtors shall promptly request approval from the Bankruptcy Court on an expedited basis such that entry of the order approving this settlement will be entered prior to the conclusion of 2019.
2. Treatment in Bankruptcy Plan. The parties agree that the Commonwealth of Massachusetts will support Starion's bankruptcy chapter 11 plan of reorganization provided that it treat the Commonwealth consistent with agreed terms as set forth herein.
3. Held Funds/Pending Clawback Litigation. Upon National Grid and Eversource's release of the Held Funds to Starion; Starion shall prepare, circulate, and file a stipulation of dismissal, with prejudice, of the litigation pending as *Starion Energy Inc., et al., Plaintiffs* vs. *The Commonwealth of Massachusetts, Massachusetts Electric Company d/b/a National Grid, and NSTAR Electric Company d/b/a Eversource Energy, Defendants*, Bankr. Adv. No. 18-50932.
4. Starion would present the settlement to the Delaware Bankruptcy Court as allowing the Commonwealth to receive the full amount, per the terms of the settlement, to be included in an approved bankruptcy plan.

5. Settlement does not waive Starion's obligations to the Massachusetts Department of Environmental Protection, as set forth in Claim No. 223, and the Massachusetts Department of Energy Resources, as set forth in Claim No. 229.

**D. Injunctive Relief.**
1. Injunctive terms (outlined below) would be considered final injunctive relief for claims raised in the Complaint. Such terms would be enforced through a consent judgment filed with the Suffolk Superior Court.
2. Starion will agree to provisions requiring compliance with G.L. c. 93A and G.L. c. 159C.
3. Starion will agree to cease certain sales practices. Those include representing "rate reductions" in conjunction with variable rate products, or representing "rate reductions" in conjunction with fixed rate products in comparison to a basic service rate or a rate offered through a municipal aggregation, unless such rate reductions are guaranteed during term of the contract, failing to disclose Starion's "account management fee" during initial sales presentations, and making "ringless voicemails" or any other form of recorded message device to Massachusetts consumers.
4. 3 years – Starion will not solicit or enroll any new variable rate residential customers.
5. 3 years – Low Income Customers:
    i. Low-Income defined by the utility class codes (National Grid R-2, NSTAR R-2 and R-4, and WMECO R-2 and R-4).
    ii. Current Low-Income Customers:
        1. Variable rates will be adjusted to the utilities' basic service fixed rate with an annual true-up; and
        2. Send notice to offer a 6 month fixed-to-fixed/no cancellation fee/annual true-up product and 6 month fixed-to-fixed/green/no cancellation fee/annual true-up product (new product offering)
    iii. Future Low-Income Customers:
        1. Variable rates will be adjusted to utilities' basic service fixed rate with an annual true-up; and
        2. New low-income products will be listed on the MA Rate Board and Starion's website.
6. 3 years – All Starion Variable Rate Customers
    i. Send current variable rate customers notice of all other fixed offers that Starion has available;
    ii. Re-send notice of such offers semi-annually; and
    iii. Notices will include language that there is no penalty to switch to another product or to cancel.
    iv. Starion and the AGO will negotiate a reasonable "rate cap" for current Massachusetts residential variable customers that would take into account market trends.

4

PREPARED FOR SETTLEMENT PURPOSES

7. 3 years – Rate Increase Notice. Following the CT form send notices to each variable rate customer at least 15 days before a rate increase of 25% or more.
8. Starion will no longer use the telemarketing defendants for any telemarketing services in Massachusetts, but can continue to use Telestars for customer service in Massachusetts, contingent on Telestars agreeing to injunctive and payment terms with the Commonwealth, including the monitoring program, by June 30, 2020.

**E. Restitution Program.**
1. Starion will fund the administrative costs of a restitution program for the first year. The remaining administrative costs will be paid pursuant to the terms of the Consent Judgment.

**F. Monitoring.**
1. Parties agree to establish an independent monitoring program. Starion will be responsible for the costs of engaging an independent monitoring company to run the program. Monitoring will cover a 36-month period.

**G. Miscellaneous Provisions**.
1. The Parties acknowledge and agree that this MOU and nothing stated therein shall constitute any admission of fact, law, or liability by any party in regard to any matter that is raised or could be raised in connection with the civil action *The Commonwealth of Massachusetts v. Starion Energy, Inc., et. al.*, CA No. 2018-3199-H, currently pending in Suffolk Superior Court in Massachusetts, as well as a Chapter 11 proceeding with a docket number of 18-12608-MFW and an accompanying adversary proceeding captioned *Starion Energy, Inc. et. al. v. Commonwealth of Massachusetts*, *et al.*, Adversary Case No. 18-50932-MFW, currently pending in the United States Bankruptcy Court for the District of Delaware.
2. The Parties represent and agree that they knowingly and voluntarily entered into the Agreement.
3. Starion and below signatories on behalf of Starion represent and agree that they have the authority on behalf of Starion and to enter into this Agreement.
4. The individual parties and the below signatories on behalf of the individual parties represent and agree that they have the authority on behalf of the individual parties to enter into this Agreement.
5. The Commonwealth of Massachusetts and below signatories on behalf of the Commonwealth of Massachusetts represent and agree that they have the authority on behalf of the Commonwealth of Massachusetts to enter into this Agreement.
6. The Parties represent and agree that they were advised by legal counsel prior to executing the Agreement, that they have been given a reasonable period of time to consider the Agreement, and that they have not transferred or assigned to any person or entity any claim released in the Agreement, or any portion thereof, or interest therein.

PREPARED FOR SETTLEMENT PURPOSES

7. The Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall be deemed one and the same instrument.
8. In the event an ambiguity or question of intent or interpretation arises, the Agreement shall be construed as if drafted jointly by the Parties, and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of the Agreement.
9. If any term, covenant, condition, or provision of the Agreement, or the application of them to any circumstances is, at any time or to any extent, determined by a court of competent jurisdiction to be invalid or unenforceable, the remainder of the Agreement or its application to circumstances other than those to which it is held invalid or unenforceable shall not be affected, and each term, covenant, condition, and provision of the Agreement shall be valid and enforceable to the fullest extent permitted by law.
10. This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter in the Agreement.

| STARION ENERGY, INC. | COMMONWEALTH OF MASSACHUSETTS |
|---|---|
| By: | MAURA HEALEY ATTORNEY GENERAL |
| _____ | _____ |
| [TBD] | [TBD] |

Individual Defendant,
Ruzhdi Dauti

_____

Individual Defendant,
Dashmir Murtishi

_____

PREPARED FOR SETTLEMENT PURPOSES

Dated: December 10, 2019